**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHARRIK S. MOLLEY, et al., | : |
| Plaintiffs, | : Civil Action No. 13-5013(NLH) |
| v. | : **MEMORANDUM OPINION** |
| FRANK D. FORMICA, et al., | : |
| Defendants. | : |

**APPEARANCES:**

Sharrik S. Molley
Shawn Braxton
Abdul Sanderlin
Khalif Davis
Nolan Mitchell
Shawn Williams
Wayne Crymes
Camargo Luis
Rafael Colon
Ibr Abdullah
Johnny Cobb
Erving Johnson
Michael Pope
William Andrews
Jose Mendez
Andrew Garland
Michael Robinson
Javon Figueroa
Alex Caraballo
Elliot Rodrigez
Stanley Streeter
Darryl Bradley
Alfredo Vazquez
Darnell Jordan

Andre S. Smith
Allan Small
Naquay Buffert-Smith
Keith Kinsey
Dashawn Cooper
Howard Dunns
William Amaya
Carl Thomas
Julian Hamlett
at
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Landing, NJ  08330
    Plaintiffs pro se

**HILLMAN,** District Judge

Thirty-three co-plaintiffs, prisoners confined at Atlantic County Justice Facility in Mays Landing, New Jersey, seek to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. These co-plaintiffs challenge various aspects of their confinement, including the lack of a law library or paralegals, the assessment of "rent" charges, high prices at the commissary, and an expensive telephone system. The Complaint is written in the first person singular, e.g., "I don't have access to a paralegal, a computer, law books," and is signed by Plaintiff Shar-rik S. Molley. An attachment is signed by the additional co-plaintiffs.

A.    Joinder Considerations

In Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009), the Court of Appeals for the Third Circuit held that in forma pauperis

prisoners are not categorically barred from joining as co-plaintiffs under Rule 20 of the Federal Rules of Civil Procedure. Rule 20 provides the following regarding permissive joinder of parties:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>     (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all plaintiffs will arise in the action.
> (2) Defendants. Persons ... may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin

v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

Pursuant to Rule 21, misjoinder of parties is not a ground for dismissing an action. Instead, a court faced with a complaint improperly joining parties "may at any time, on just terms, add or drop a party. The court may also sever any claims against a party." Fed.R.Civ.P. Rule 21.

"In exercising its discretion [whether to permit joinder], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." Hagan, 540 F.3d at 157.

Here, in addition to the general claims regarding the conditions of confinement, the co-plaintiffs assert that they are deprived of a library and paralegals, allegations which this Court construes as asserting a claim that the Defendants are violating the co-plaintiffs' constitutional right of access to the courts.

The constitutional right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances. Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741 (1983), cited in Woodford v. Ngo, 548 U.S. 81, 122 (2006). In addition, the constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge

4

unlawful convictions and to seek redress for violations of their constitutional rights. See Bermudez v. Essex County D.O.C., Civil No. 12-6035, 2013 WL 1405263, *6 n.7 (D.N.J. Apr. 4, 2013) (citing Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989)); Paladino v. Newsome, Civil No. 12-2021, 2012 WL 3315571, *10 (D.N.J. Aug. 13, 2012) (same). See also Peterkin v. Jeffes, 855 F.2d 1021, 1036 n.18 (3d Cir. 1988) (chronicling various constitutional sources of the right of access to the courts).

In Bounds v. Smith, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." The right of access to the courts is not, however, unlimited. "The tools [that Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original). See generally

Diaz v. Holder, No. 13-1869, 2013 WL 3822412 (3d Cir. July 25, 2013) (discussing Bounds and Lewis).

Moreover, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury." See Lewis, 518 U.S. at 348-55 and n.3 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997). There is no "abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. ... [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint." Lewis, 518 U.S. at 351.

The Court of Appeals for the Third Circuit has held that this requirement to show "actual injury" renders claims of denial of the right of access to the courts inappropriate for

joinder.  See Blood v. Federal Bureau of Prisons, 351 F.App'x 604 (3d Cir. 2009).  Accordingly, this Court will dismiss from this action all co-plaintiffs except the first-named co-plaintiff, Shar-rik Molley, and will direct the Clerk of the Court to open a new and separate civil action for each such dismissed co-plaintiff.[1]  Each co-plaintiff will be permitted to apply for leave to proceed in forma pauperis[2] and to submit his own complaint asserting his individual claims, including his own individual access-to-courts claim.[3]

---

[1] The Court notes that other considerations also militate in favor of severance.  For example, although failure to exhaust administrative remedies with respect to claims regarding prison conditions, as required by 42 U.S.C. § 1997e(a), is an affirmative defense which generally must be pled by the defendant, exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for multiple prisoner plaintiffs seeking to join in one action.  Thus, joinder may not be appropriate where a separate determination is required as to whether each co-plaintiff has complied with the exhaustion requirement.  See, e.g., Lilly v. Ozmint, Civil No. 07-1932, 2007 WL 2022190 (D.S.C. July 11, 1007); Worthen v. Oklahoma Dept. of Corrections, Civil No. 07-0687, 2007 WL 4563665, *3 (W.D. Okla. Dec. 7, 2007), Report and Recommendation Adopted in pertinent part, 2007 WL 4563644 (W.D. Okla. Dec. 20, 2007).

[2] This requirement that each plaintiff apply for leave to proceed in forma pauperis in his separate action, or prepay the filing fee and administrative fee, does not impose any additional financial burden on the plaintiffs because, even if this case had proceeded as filed, each co-plaintiff would have been required to apply separately for leave to proceed in forma pauperis and would have been assessed, individually, the full filing fee.  See Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009).

[3] This Court can consider at a later date whether consolidation of similar conditions-of-confinement claims would be appropriate.  See generally Fed.R.Civ.P. Rule 42.

7

B.  <u>The Filing Fee</u>

This Court must now consider whether the remaining plaintiff in this action, Shar-rik Molley, has satisfied the filing fee requirement.

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

The entire fee to be paid in advance of filing a civil complaint is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted <u>in</u> <u>forma</u> <u>pauperis</u> status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied <u>in</u> <u>forma</u> <u>pauperis</u> status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action <u>in</u> <u>forma</u> <u>pauperis</u>.  Under § 1915, a prisoner seeking to bring a civil action <u>in</u> <u>forma</u> <u>pauperis</u> must submit an affidavit, including a statement of all assets and liabilities, which

states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Here, only one co-plaintiff, Shar-rik Molley, submitted an application for leave to proceed in forma pauperis. Plaintiff Molley may not have known when he submitted his complaint that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

9

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If any prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff Molley's application is deficient, in that the institutional account statement is not certified by an appropriate institutional official as required by 28 U.S.C. § 1915(a). Accordingly, this Court will deny the application without prejudice and will administratively terminate this action for failure to satisfy the filing fee requirement. See, e.g., Hairston, Sr. v. Gronolsky, 348 F.App'x 716 (3d Cir. 2009) (affirming administrative termination of prisoner civil rights

action for failure to comply with requirements of § 1915); Tyson v. Youth Ventures, L.L.C., 42 F.App'x 221 (10th Cir. 2002) (affirming dismissal without prejudice of civil action where prisoner submitted only uncertified copy of institutional account statement); Johnson v. United States, 79 Fed.Cl. 769 (2007) (same). See also Rohn v. Johnston, 415 F.App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without prejudice of civil action where prisoner failed to submit the required affidavit of poverty).

Plaintiff Molley will be granted leave to apply to re-open this matter by either prepaying the filing fee and administrative fee or by submitting separate and complete individual applications for leave to proceed in forma pauperis.

To the extent any co-plaintiff asserts that correctional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of the co-plaintiff's request for a certified institutional account statement and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

The allegations of the Complaint do not suggest that any co-plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

CONCLUSION

For the reasons set forth above, (a) all co-plaintiffs except Shar-rik Molley will be dismissed from this action and the Clerk of the Court will be directed to open a new and separate civil action for each such dismissed co-plaintiff, and (b) plaintiff Molley's application for leave to proceed in forma pauperis will be denied without prejudice and (c) the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.[4] Plaintiff Molley will be granted leave to apply to re-open within 30 days.

An appropriate Order will be entered.

At Camden, New Jersey                     s/ Noel L. Hillman
                                          Noel L. Hillman
                                          United States District Judge

Dated:  November 18, 2013

---

[4] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).